**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:19-cv-00028-MR-WCM**

| | | |
|---|---|---|
| **TUSHKAHUMOC XELUP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **ROBERT TODD WHITE, MARK** | ) | |
| **GERBINO, CHEROKEE COUNTY** | ) | |
| **SHERIFF DEPARTMENT, DERRICK** | ) | |
| **PALMER, and CHEROKEE COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 5] and the Magistrate Judge's Memorandum and Recommendation [Doc. 11] regarding the disposition of that motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition.

On October 4, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Defendants' motion. [Doc. 11]. The parties

were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The period within which to file objections has now expired, and no written objections to the Memorandum and Recommendation have been filed.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. The Defendants have moved to dismiss the Plaintiff's Complaint on the grounds that it is barred by the applicable statute of limitations. "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (internal citation omitted). Therefore, the Court generally cannot reach the merits of an affirmative defense in ruling on a motion to dismiss under Rule 12(b)(6). Id. Only in those extraordinary circumstances where all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint" may the Court address an affirmative defense at the motion to dismiss stage. Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). Here, the facts necessary to establish the affirmative defense of the statute of limitations

clearly appear on the face of the Plaintiff's Complaint. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted on the grounds that the Plaintiff's action is time-barred.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 11] is **ACCEPTED**; the Defendants' Motion to Dismiss [Doc. 5] is **GRANTED**; and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: October 26, 2019

Martin Reidinger
United States District Judge